EASTERN DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
APR 21 2014
JAMES W. McCORMACK, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA )
) No. 4:14CR000083 BSM
v. )
)
TIFFANY E. TUCKER )

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Christopher R. Thyer, by and through, Cameron C. McCree, Assistant United States Attorney, and Tiffany E. Tucker ("Defendant"), represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above-referenced proceedings.

1. **GUILTY PLEA**: Defendant agrees to waive indictment and permit the United States to proceed by Information, charging her with Wire Fraud, which is a violation of 18 U.S.C. § 1343. Defendant agrees to plead guilty to the Information. This is a Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) plea agreement.

2. **ELEMENTS OF THE CRIME**: The parties agree the elements of the offense to which Defendant will plead guilty are:

   A. Defendant voluntarily and intentionally devised or made up a scheme to defraud;

   B. Defendant did so with the intent to defraud;

   C. It was reasonably foreseeable that wires would be used; and

   D. The wires were used in furtherance of some essential step in the scheme.

Defendant agrees that she is guilty of the offense charged and each of these elements is true.

3. **PENALTIES:**

   A. <u>STATUTORY PENALTIES</u>: The maximum penalty for the charge set forth in Count 1 of the Information (Wire Fraud) is not more than 20 years imprisonment; not more than a $250,000.00 fine; not more than 3 years of supervised release; and a $100 special assessment.

   B. <u>SUPERVISED RELEASE</u>: Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, Defendant may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **WAIVERS**: Defendant acknowledges that she has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Defendant further understands that by entering into this Agreement and its Addendum, she is waiving certain constitutional rights, including, without limitation, the following:

   A. The right to appeal or collaterally attack, to the full extent of the law, the conviction and sentence imposed, including any forfeiture or restitution order, as follows:

      i. Defendant waives the right to appeal the conviction and sentence directly under Title 28, United States Code, Section 1291 and/or Title 18, United States Code, Section § 3742(a), including any

4

issues that relate to the establishment of the Guidelines range, except that Defendant reserves the right to appeal claims of prosecutorial misconduct and Defendant reserves the right to appeal the sentence if the sentence imposed is above the Guideline range that is established at sentencing;

ii. Defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

iii. Defendant waives the right to collaterally attack the conviction and sentence pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

iv. Defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c), except for a motion under Federal Rule of Criminal Procedure 35(b) filed by the United States;

v. Defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

vi. Defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B. The right to plead not guilty or to persist in that plea if it has already been

5

made, and the right to a speedy and public trial before a jury;

C. The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

D. The right to confront and cross examine witnesses;

E. The right to testify on her own behalf if Defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against Defendant; and

F. The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

5. **STIPULATIONS:** The United States and Defendant stipulate to the following:

A. The parties agree that the base offense level is 7 under to U.S.S.G. § 2B1.1.

B. The parties agree to litigate the amount of loss at sentencing.

C. The parties agree that Defendant should receive a 2-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust.

D. Defendant is eligible for a 2-point reduction for acceptance of responsibility unless Defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility, including but not limited to disposing of assets in violation of this agreement. If the offense level is 16 or greater, the determination of whether Defendant is eligible for a third point reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

E. The parties stipulate that no other enhancements or reductions under Chapter 2 or Chapter 3 of the Guidelines apply.

F. The parties understand that the Court is not bound by these stipulations. Defendant further understands that if the Court does not accept the stipulations, Defendant is not entitled to withdraw the guilty plea or otherwise to be released from Defendant's obligations under this Agreement and its Addendum.

6. **SENTENCING GUIDELINES**: Defendant specifically understands that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. Defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. Defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that Defendant may have received from Defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence Defendant will receive and Defendant cannot withdraw a guilty plea, or otherwise avoid Defendant's obligations under this Agreement and its Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree that if the Guideline range is greater or less than Defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither Defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and its Addendum.

7. **ALLOCUTION:** The United States reserves the right to bring any and all facts that it believes are appropriate to the attention of the Court.

8. **COOPERATION IN THE SENTENCING PROCESS:**

   A. Defendant agrees to provide all truthful information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. Defendant shall provide voluntarily a complete and truthful written accounting of Defendant's criminal history to the Probation Office.

   B. Defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

   C. Defendant understands and acknowledges that Defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires Defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether Defendant believes the arrest/conviction counts under the Sentencing Guidelines.

   D. Defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9. **FINANCIAL MATTERS:**

   A. **FINANCIAL STATEMENT:** Defendant agrees to complete fully and truthfully a Financial Statement provided by the United States Probation Office.

B.  FINES: Defendant understands that unless the Court determines that Defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

C.  SPECIAL PENALTY ASSESSMENT: Defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. Defendant must pay this special assessment by bank cashier's check or money order as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court."

D.  RESTITUTION: Defendant acknowledges that restitution is mandatory 18 U.S.C. § 3663A. Defendant agrees to the entry of an order of restitution for the full amount of the victim's losses. At this time, the United States and Defendant agree that Defendant should pay restitution for the full amount of loss as determined at sentencing.

E.  EMPLOYMENT PROHIBITION: Defendant acknowledges that, as a result of conviction of this offense, 12 U.S.C. §§ 1785 and 1829 will prohibit Defendant's employment by any federally insured depository institution, except with the prior written consent of the Federal Deposit Insurance Corporation, or any insured credit union, as applicable.

10.  **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION:** The United States Attorney for the Eastern District of Arkansas will bring no further charges against Defendant for any acts or conduct arising out of the events described in the Indictment, which is the subject of this action, unless Defendant breaches this Agreement and its Addendum.

11. **RECORDS**: Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. **CIVIL CLAIMS BY THE GOVERNMENT**: Except to the extent otherwise expressly specified in this Agreement and its Addendum, this Agreement and its Addendum do not bar or compromise any civil or administrative claim pending or that may be made against Defendant, including but not limited to tax matters.

13. **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ITS ADDENDUM**:

    A. Defendant acknowledges and understands that if Defendant violates any term of this Agreement and its Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

        i. terminate this Agreement and its Addendum;

        ii. proceed with this Agreement and its Addendum and deny any and all benefits to which Defendant would otherwise be entitled under the terms of this Agreement and its Addendum; and/or

        iii. advocate for any sentencing enhancement that may be appropriate.

    B. In the event the United States elects to terminate this Agreement and its Addendum, the United States shall be released from any and all

obligations set out in this Agreement and its Addendum. Defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and its Addendum are terminated or if Defendant's conviction ultimately is overturned, then the United States retains the right to reinstate all dismissed charges and to file any charges that were not filed because of this Agreement and its Addendum.

C.  Defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against Defendant as a result of Defendant's breach of this Agreement and its Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and its Addendum.

D.  In the event that this Agreement and its Addendum are terminated or if Defendant successfully moves to withdraw her plea, any statement made by Defendant in negotiation of, or in reliance on this Agreement and its Addendum:

   i.   may be used to cross examine Defendant if Defendant testifies in any subsequent proceeding; and/or

   ii.  any leads derived from any such statement may be used by the United States.

   iii. Defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any

rule of procedure or evidence to the contrary.

14. **PARTIES:** This Agreement and its Addendum are binding only upon the United States Attorney's Office for the Eastern District of Arkansas and Defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15. **MISCELLANEOUS:**

   A. **MODIFICATION:** No term or provision contained in this Agreement and its Addendum may be modified, amended or waived except by express written agreement signed by the party to be bound by the modification.

   B. **HEADINGS AND CAPTIONS:** Subject headings and captions are included for convenience purposes only and shall not affect the interpretation of this Agreement and its Addendum.

   C. **WAIVER:** No waiver of a breach of any term or provision of this Agreement and its Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound by the waiver.

   D. **RIGHTS AND REMEDIES CUMULATIVE:** The rights and remedies of the United States expressed in this Agreement and its Addendum relating to Defendant's breach are cumulative. In addition, the rights expressed in this Agreement and its Addendum are not exclusive of any rights and remedies otherwise available to the United States in the event of any

breach of this Agreement and its Addendum by defendant.

  E. <u>JOINT NEGOTIATION</u>: This Agreement and its Addendum have been mutually negotiated by the parties, and any uncertainty or ambiguity existing in this Agreement and its Addendum shall not be interpreted against any party by reason of its drafting of this Agreement and its Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms-length agreements.

16. **NO OTHER TERMS:** This Agreement and the Addendum completely reflect all promises, agreements, and conditions made between the parties. This Agreement and its Addendum constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, whether oral or written, with respect to the subject matter of this Agreement and its Addendum.

17. **APPROVALS AND SIGNATURES:**

  A. <u>DEFENDANT</u>: Defendant has read this Agreement and its Addendum and carefully reviewed every part of it with her attorney. Defendant understands and voluntarily agrees to the terms and condition of this Agreement and its Addendum. Further, Defendant has consulted with her attorney and fully understands her rights with respect to the provisions of the United States Sentencing Guidelines that may apply to this case. No other promises or inducements have been made to Defendant, other than those expressly contained in this Agreement and its Addendum. In addition, no one has threatened or forced Defendant in any way to enter into this Agreement and its Addendum. Defendant further acknowledges

13

that Defendant has entered into this Agreement and its Addendum, consciously and deliberately, by Defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and its Addendum constitute the legal, valid, and binding obligation of Defendant, fully enforceable against Defendant in accordance with its terms. Finally, Defendant is satisfied with the representation of her attorney in this case.

B. <u>DEFENSE COUNSEL</u>: Defense counsel acknowledges that he is the attorney for Defendant, and that Defense Counsel has fully and carefully discussed every part of this Agreement and its Addendum with Defendant. Further, Defense Counsel has fully and carefully advised Defendant of Defendant's rights and possible defenses, and of the consequences of entering into this Agreement and its Addendum, including the possible consequences of not complying with this Agreement and its Addendum. To Defense Counsel's knowledge, Defendant's decision to enter into this Agreement and its Addendum is an informed and voluntary decision.

DATED this 21st day of April 2014.

CHRISTOPHER R. THYER
United States Attorney

By: _____
CAMERON C. McCREE (2007148)
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2624
Cameron.McCree@usdoj.gov

_____
TIFFANY E. TUCKER
Defendant

_____
CHAD GREEN
Attorney for Defendant